IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| **CHRISTOPHER L AMERSON**, | : | |
| **Plaintiff,** | : | |
| VS. | : | NO. 5:23-CV-268-MTT-CHW |
| **WARDEN T SMITH,** *et al.*, | : | |
| **Defendants.** | : | |
| _____ | : | |

### ORDER

Plaintiff Christopher L. Amerson, an inmate currently incarcerated at the Macon State Prison in Oglethorpe, Georgia, has filed a *pro se* Complaint seeking relief under 42 U.S.C. § 1983 (ECF No. 1) and three motions to amend or supplement this Complaint (ECF Nos. 5, 7, 8). In addition, Plaintiff seeks leave to proceed *in forma pauperis* (ECF No. 3) and has filed a motion for appointed counsel (ECF No. 6). For the following reasons, Plaintiff is **ORDERED** to recast his Complaint on the Court's standard form to include each claim he wants the Court to consider in this action. Plaintiff's motions to amend are **DENIED as moot**, and his motion for appointed counsel is also **DENIED**. The Court defers ruling on Plaintiff's motion to proceed *in forma pauperis* until Plaintiff files his recast complaint.

### MOTION FOR APPOINTED COUNSEL

Plaintiff first moves for appointed counsel in this case (ECF No. 6). As this is Plaintiff's first request for counsel, the Court advises Plaintiff that "[a]ppointment of counsel in a civil case is not a constitutional right." *Wahl v McIver*, 773 F.2d 1169, 1174

(11th Cir. 1986). Appointment of counsel is a privilege that is justified only by exceptional circumstances. *Id*. In deciding whether legal counsel should be provided, the Court considers, among other factors, the merits of Plaintiff's claim and the complexity of the issues presented. *Holt v. Ford*, 862 F.2d 850, 853 (11th Cir. 1989).[1] But "[t]he key" in determining whether appointed counsel is warranted "is whether the *pro se* litigant needs help in presenting the essential merits of his position to the court." *Nelson v. McLaughlin*, 608 F. App'x 904, 905 (11th Cir. 2015) (per curiam)

In accordance with *Holt*, and upon a review of the record in this case, the Court notes that Plaintiff has set forth the essential merits of his claims, and the applicable legal doctrines are readily apparent. As such, Plaintiff's motion for appointed counsel is **DENIED**. Should it later become apparent that legal assistance is required in order to avoid prejudice to Plaintiff's rights, the Court, **on its own motion**, will consider assisting him in securing legal counsel at that time. Consequently, there is no need for Plaintiff to file additional requests for counsel.

## ORDER TO RECAST

Plaintiff's Complaint arises from his past incarceration at the Hancock State Prison ("HSP") and his current incarceration at the Macon State Prison ("MSP"). Compl. 5, ECF No. 1. Plaintiff contends he tested positive for Hepatitis B at some point between 2015

---

[1] The federal *in forma pauperis* statute authorizes courts to "request an attorney to represent any person unable to afford counsel," 28 U.S.C. § 1915(e)(1). The statute does not, however, provide any funding to pay attorneys for their representation or authorize courts to compel attorneys to represent an indigent party in a civil case. *See Mallard v. U.S. Dist. Ct. for S. Dist. of Iowa*, 490 U.S. 296 (1989).

and 2018. *Id.* Plaintiff also suffers from what appears to be a recurrent infection in his toe, which requires medication that could adversely affect his liver function. *Id.* As a result, Plaintiff must receive liver function testing before being prescribed this medication. *Id.*

Plaintiff alleges that while he was at HSP, he requested medication for his toe infection. Compl. 6, ECF No. 1. Medical personnel at HSP told Plaintiff they could not find his records and would therefore have to retest his liver function before providing him the medication. *Id.* Plaintiff found this "strange," and he filed a grievance concerning his records. *Id.* Medical personnel at HSP eventually performed liver function tests that came back "above normal," but Plaintiff "was not placed on chronic care or any medication by HSP medical staff." *Id.* at 7. In addition, Plaintiff contends that prison officials at HSP retaliated against him for filing grievances by encouraging members of Plaintiff's former gang to assault and rob Plaintiff at HSP. *Id.* at 7. Plaintiff was treated for his injuries in a hospital, filed a grievance concerning the assault on May 21, 2023, and was transferred to MSP on May 30, 2023. *Id.*

At MSP, Plaintiff sought treatment for his liver issues, injuries suffered in the assault, his toe infection, "continual itching," and "constant weight loss." Compl. 8, ECF No. 1. Plaintiff contends that his requests have been ignored and that prison officials in the lockdown unit where he is presently housed have threatened to harm him for filing grievances. *Id.* at 8-9. He contends many of his symptoms are indicative of liver failure and "don't seem to be getting any better." *Id.* at 9.

Plaintiff's first motion to amend or supplement his Complaint attempts to clarify Plaintiff's responses to the questions on the Court's standard form seeking information

regarding Plaintiff's previous lawsuits. 1st Mot. Am. 1, ECF No. 5. Plaintiff's second and third motions to amend and supplement his original Complaint describe incidents that occurred after the events described in his original Complaint and attempt to supply the correct names of individuals previously named as Defendants in this action. *See, e.g.,* 3d Mot. Am. 2, ECF No. 1-2, ECF No. 8. In his motions to amend, Plaintiff generally contends prison officials at MSP continue to retaliate against him for seeking medical care and refuse to provide him with appropriate medical care. *Id.*; *see also* 2d Mot. Am. 11-12, ECF No. 7.

Given the number of requested amendments, it is necessary to clarify the scope of this litigation. Plaintiff is thus **ORDERED** to recast his Complaint, in its entirety, to include all amendments and facts he wishes to make a part of this case. The recast complaint must contain a caption that clearly identifies, by name, each individual that Plaintiff has a claim against and wishes to include as a Defendant in the present lawsuit. Plaintiff is to name only the individuals associated with the claim or related claims that he is pursuing in this action. Plaintiff must provide enough facts to plausibly demonstrate that each defendant's actions or omissions resulted in the violation of his constitutional rights.

To that end, it is recommended that, when drafting his statement of claims on the Court's form, Plaintiff list numbered responses to the following questions (to the extent possible) along with the name of each defendant:

(1) *What* did this defendant do (or not do) to violate your rights? In other words: What was the extent of this defendant's role in the unconstitutional conduct other than being in a supervisory role? Was the defendant personally involved in the constitutional violation? If not, did his actions otherwise cause the unconstitutional action? How do you know?

(2)  *When* and *where* did each action occur (to the extent memory allows)?

(3)  *How* were you injured as a result of this defendant's actions or decisions? If you have been physically injured, explain the extent of your injuries and any medical care requested or provided.

(4)  *How* and *when* did this defendant learn of your injuries or otherwise become aware of a substantial risk that you could suffer a serious injury?

(5)  *What* did this defendant do (or not do) in response to this knowledge?

(6)  *What* relief you seek from this defendant?

Plaintiff should state his claims as simply as possible referring only to the relevant allegations against the named defendants in this case; he need not attach supporting documents to his recast complaint, use legal terminology, or cite any specific statute or case law to state a claim, although the Court will presume that Plaintiff's claims are brought under 42 U.S.C. § 1983 unless otherwise specified. *See* Fed. R. Civ. P. 8. If, in his recast complaint, Plaintiff fails to link a named defendant to a claim, the claim will be dismissed. Likewise, if Plaintiff makes no allegations in the body of his recast complaint against a named defendant, that defendant will be dismissed.

Plaintiff is cautioned that the opportunity to file a recast complaint is not an invitation for him to include every imaginable claim that he may have against any state official. Plaintiff will not be permitted join claims against multiple defendants in one action unless Plaintiff can establish a logical relationship between the claims in accordance with the Federal Rules of Civil Procedure. Plaintiff is also cautioned that he must fully and truthfully respond to each question presented on the standard form including but not limited

to those questions regarding previous federal lawsuits and whether he has pursued grievances and exhausted his administrative remedies, or he risks dismissal of this case.

**The recast complaint will supersede (take the place of) the original Complaint (ECF No. 1), the motions to amend (ECF Nos. 5, 7, 8), and any other documents that appear to contain factual allegations that may be relevant to this action. Plaintiff may include additional pages with the Court's standard form, but the recast complaint must be no longer than ten (10) pages in its entirety.** The Court will not consider any allegations in any other document, or any allegations not contained within those ten pages, to determine whether Plaintiff has stated an actionable claim. Accordingly, any fact Plaintiff deems necessary to his lawsuit should be clearly stated in his recast complaint, even if Plaintiff has previously alleged it in another filing. The Clerk is **DIRECTED** to forward a copy of the § 1983 form marked with the case number of the above-captioned action to the Plaintiff. Plaintiff shall have **FOURTEEN (14) DAYS** from the date of this Order to submit a recast complaint on this form.

## CONCLUSION

Based on the foregoing, Plaintiff's motion for appointed counsel (ECF No. 6) is **DENIED**, and Plaintiff shall have **FOURTEEN (14) DAYS** from the date of this Order to submit his recast complaint in accordance with the directions above. Because Plaintiff may include in his recast complaint any allegations made in his motions to amend, these motions (ECF Nos. 5, 7, 8) are **DENIED as moot.** The Court will defer ruling on Plaintiff's motion for leave to proceed *in forma pauperis* (ECF No. 3) until Plaintiff fully complies with this Order. Plaintiff is further **DIRECTED** to notify the Court immediately and in writing of

any change in his mailing address.  **Plaintiff's failure to fully and timely comply with this Order may result in the dismissal of this action.**  There shall be no service of process in this case until further order of the Court.

**SO ORDERED**, this 23rd day of August, 2023.

s/ Charles H. Weigle  
Charles H. Weigle  
United States Magistrate Judge