IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| CHRISTOPHER L AMERSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 5:23-CV-268 (MTT) |
| | ) |
| Warden T SMITH, *et al.*, | ) |
| | ) |
| Defendants. | ) |

**ORDER**

On January 31, 2024, the Magistrate Judge conducted a screening of plaintiff Christopher L. Amerson's claims pursuant to 28 U.S.C. § 1915A. Doc. 17. The Magistrate Judge recommended that some of Amerson's claims proceed for further factual development, but that Amerson's remaining claims be dismissed. *Id*. at 21. After the time for filing objections passed, the Court adopted the Magistrate Judge's recommendation, reviewing it for clear error. Doc. 29. Now—20 days after the deadline—Amerson filed an objection to the Court's order.[1] Doc. 34. The Court construes Amerson's untimely objection as a motion for reconsideration of the Court's prior Order (Doc. 29).

Pursuant to Local Rule 7.6, "Motions for Reconsideration shall not be filed as a matter of routine practice." M.D. Ga. L.R. 7.6. Indeed, "reconsideration of a previous

---

[1] Amerson states that he was unable to file an objection before the deadline because he did not have stamps or legal writing material. Doc. 34 at 1.

order is an extraordinary remedy to be employed sparingly." *Bingham v. Nelson*, 2010 WL 339806 at *1 (M.D. Ga. Jan. 21, 2010) (internal quotation marks and citation omitted).  It "is appropriate only if the movant demonstrates (1) that there has been an intervening change in the law, (2) that new evidence has been discovered which was not previously available to the parties in the exercise of due diligence, or (3) that the court made a clear error of law." *Id*.  "In order to demonstrate clear error, the party moving for reconsideration must do more than simply restate his prior arguments, and any arguments which the party inadvertently failed to raise earlier are deemed waived." *McCoy v. Macon Water Authority*, 966 F. Supp. 1209, 1222-23 (M.D. Ga. 1997).  Here, Amerson has not pointed to any intervening change in the law, newly discovered evidence, or clear error by the Court.  Thus, Amerson's motion for reconsideration (Doc. 34) is **DENIED.**

Furthermore, even if Amerson's objection had been timely, the result would be the same.  The objection does not address the substance of the Recommendation but rather recounts additional "issues" Amerson has experienced with "medical staff and inmates" since filing his complaint.  Doc. 34 at 1-2.  Accordingly, Amerson's objection does not change the Court's decision to adopt the Recommendation.

In conclusion, the Court construes Amerson's untimely objection (Doc. 34) as a motion for reconsideration, which is **DENIED**.  But even if Amerson had timely objected, the Court still would have adopted the Recommendation.

**SO ORDERED**, this 23rd day of April, 2024.

S/ Marc T. Treadwell
MARC T. TREADWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
