IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| **CHRISTOPHER L AMERSON,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| VS. | : | NO. 5:23-CV-268-TES-CHW |
| | : | |
| **WARDEN T SMITH,** *et al.*, | : | |
| | : | |
| **Defendants.** | : | |
| _____ | : | |

**ORDER**

Presently pending before the Court are two motions filed by Plaintiff seeking leave to amend or supplement his Recast Complaint (ECF Nos. 52, 55). For the reasons set forth below, Plaintiff's first motion to amend or supplement (ECF No. 52) is **DENIED** in its entirety, and Plaintiff's second motion to amend or supplement (ECF No. 55) is **GRANTED in part and DENIED in part.**

**DISCUSSION**

**I.    Procedural History**

As has been discussed at length in the Court's previous orders in this case, Plaintiff's claims arise from his imprisonment within the Georgia Department of Corrections system over the last several years. Recast Compl. 5, ECF No. 12. Plaintiff filed his original Complaint on or about July 25, 2023 (ECF No. 1). Within a month of filing his original Complaint, Plaintiff filed three additional motions to amend or supplement his Complaint (ECF Nos. 5, 7, 8). Plaintiff was thus ordered to file one Recast Complaint that would

include all claims he intended to bring in this action, and he was advised that he could incorporate any amendments or supplements previously filed into that Recast Complaint (ECF No. 9). After requesting an extension of time, Plaintiff filed his Recast Complaint (ECF No. 12), but the undersigned recommended dismissal of Plaintiff's claims pursuant to the three-strikes provision of 28 U.S.C. § 1915(g) (ECF No. 14). Plaintiff subsequently filed Objections that contained additional factual allegations relevant to his claims (ECF No. 16). These Objections were treated as a motion to amend; the motion was granted, and Plaintiff's claims were screened pursuant to 28 U.S.C. § 1915A and § 1915(e). *See Newsome v. Chatham Cnty. Det. Ctr.*, 256 F. App'x 342, 344 (11th Cir. 2007) (per curiam) (objections to recommendation to dismissal that contained additional factual allegations against dismissed defendants should have been liberally construed as motion to amend complaint and granted).

On screening, the undersigned withdrew the previous recommendation to dismiss and found that the following claims should proceed for further factual development: (1) claims that Defendants Lewis, Williams, Bolgan, Bradford, Jefferies, Ingram, Kimbro, Harrison, and Smith were deliberately indifferent to Plaintiff's Hepatitis B diagnosis; (2) retaliation claim against Defendant Mitchal; and (3) claims that Defendants Smith and Jefferies were deliberately indifferent to Plaintiff's safety at Macon State Prison (ECF No. 17). It was recommended that Plaintiff's remaining claims be dismissed without prejudice, and the United States District Judge adopted this Recommendation on February 21, 2024 (ECF No. 29). Plaintiff filed a motion for reconsideration of the February 21st Order (ECF No. 34), which was denied (ECF No. 42). Defendants Ingram, Jeffries, Lewis, Smith, and

Mitchal have filed motions to dismiss that are presently pending before the Court (ECF Nos. 62, 64). It does not appear that Defendants Bolgan, Kimbro, and Williams have been served to date (ECF No. 58). Plaintiff's two additional motions for leave to amend or supplement his Recast Complaint (ECF Nos. 52, 55) are also pending.

## II.     Plaintiff's Motions to Amend or Supplement

### A.     Standard of Review

Federal Rule of Civil Procedure 15 governs amended and supplemental pleadings. Federal Rule of Civil Procedure 15(a) provides that a plaintiff may amend his complaint once as a matter of right no later than 21 days after serving it or no later than 21 days after service of the answer or of a motion under Rule 12(b), 12(e), or 12(f), whichever is earlier. Fed. R. Civ. P. 15(a)(1). Otherwise, the plaintiff may amend his complaint only with leave of court or the opposing party's consent, though "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). A party must always obtain leave of court to "serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." Fed. R. Civ. P. 15(d).

While the grant or denial of the opportunity to amend or supplement is in this Court's discretion, the Court must provide some "justifying reason" to deny this opportunity; absent such reason, denial "is merely an abuse of that discretion and inconsistent with the spirit of the Federal Rules." *Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also Schwarz v. City of Treasure Island*, 544 F.3d 1201, 1211 (11th Cir. 2008) (holding that the Eleventh Circuit will "review the denial of leave to supplement a complaint under Fed. R. Civ. P. 15(d) for abuse of discretion"). These reasons may include

"undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." *Foman*, 371 U.S. at 182. Because a motion to amend is non-dispositive, a magistrate judge may rule on it in an order rather than a report and recommendation. *Reeves v. DSI Sec. Servs., Inc.*, 395 F. App'x 544, 548 (11th Cir. 2010) (per curiam) ("A district court may also designate a magistrate judge to rule on certain non-dispositive pretrial motions, such as a motion to amend a complaint."); *Palmore v. Hicks*, 383 F. App'x 897, 899–900 (11th Cir. 2010) (per curiam) ("An order disposing of a motion to amend is a non-dispositive pretrial ruling.").

      B.    <u>Motions to Amend</u>

To the extent Plaintiff seeks to expand upon claims raised in his Recast Complaint, his motions are properly construed as motions to amend. Plaintiff first states he has now identified the Hancock State Prison nurse who told inmate gang members that Plaintiff had Hepatitis, leading these individuals to assault Plaintiff. Mot. Am. 1, ECF No. 55. It appears Plaintiff is contending that this nurse—Ollie Warren—worked together with Defendant Mitchal and encouraged these individuals to harm Plaintiff as retaliation for Plaintiff's complaints about his medical care. *See* Recast Compl. 9-11, ECF No. 12. The claims against Defendant Mitchal are proceeding for further factual development, and Plaintiff's nearly identical claims against Defendant Warren should likewise proceed for the reasons previously explained. *See* Order & Recommendation 17-18, ECF No. 17. Plaintiff's motion to amend is therefore granted to the extent Plaintiff raises a retaliation claim against Defendant Warren.

4

In addition, Plaintiff contends that he has now identified the original physician's assistant who diagnosed him with Hepatitis at Reidsville State Prison in 2017. Mot. Am. 1-2, ECF No. 55. In his Recast Complaint, Plaintiff alleged that this individual, PA Tolbert, recommended that Plaintiff be tested for various diseases, conducted such testing, and determined that Plaintiff had Hepatitis B. Recast Compl. 5, ECF No. 12. PA Tolbert advised Plaintiff that the infection would clear on its own without medication. *Id.* at 7. Plaintiff seeks to amend his Recast Complaint "to reflect the identity and action" of Defendant Tolbert. Mot. Am. 2, ECF No. 55. This motion is denied as futile because Plaintiff has failed to state an actionable claim against this Defendant.[1]

As the Court previously explained to Plaintiff, to state a claim that state actors were deliberately indifferent to his serious medical needs, "a plaintiff must satisfy both an objective and a subjective inquiry." *See Farrow v. West*, 320 F.3d 1235, 1243 (11th Cir. 2003). A plaintiff must first "set forth evidence of an objectively serious medical need*"* and then prove that the defendant "acted with an attitude of 'deliberate indifference' to that serious medical need." *Id.* For purposes of this analysis, a "serious medical need" is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Farrow*, 320 F.3d at 1243 (internal quotation marks omitted). A serious medical need can

---

[1] It is not entirely clear whether Plaintiff would require leave to amend his Recast Complaint pursuant to Federal Rule of Civil Procedure 15. To the extent he does require leave to amend, it is denied as futile as explained below. To the extent he may amend as a matter of right, his claims against Defendant Tolbert would be screened pursuant to 28 U.S.C. § 1915A or § 1915(e) and subject to dismissal for failure to state a claim upon which relief may be granted.

5

also arise if "a delay in treating the need worsens the condition." *Mann v. Taser Int'l, Inc.*, 588 F.3d 1291, 1307 (11th Cir. 2009). "In either case, 'the medical need must be one that, if left unattended, poses a substantial risk of serious harm.'" *Id.* (quoting *Farrow*, 320 F.3d at 1243). Deliberate indifference in the Eleventh Circuit amounts to "'subjective recklessness as used in the criminal law,'" which requires a plaintiff to "demonstrate that the defendant actually knew that his conduct—his own acts or omissions—put the plaintiff at substantial risk of serious harm." *Wade v. McDade*, No. 21-14275, 2024 WL 3354963, at *1 (11th Cir. July 10, 2024) (en banc) (quoting *Farmer v. Brennan*, 511 U.S. 825, 839 (1994)).

Plaintiff has not alleged facts sufficient to show that Defendant Tolbert acted with deliberate indifference; rather, Plaintiff alleges that Defendant Tolbert evaluated Plaintiff's condition and symptoms and determined that Plaintiff did not require treatment in 2017. Even if the Court were to assume that this assessment later proved to be erroneous, the initial failure to provide treatment would have been negligent, at most, and does not rise to the level of a constitutional claim. *See, e.g., Estelle v. Gamble*, 429 U.S. 97, 106 (1976) ("Medical malpractice does not become a constitutional violation merely because the victim is a prisoner. In order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs."). Plaintiff's motion to amend his Recast Complaint to allege claims against Defendant Tolbert is therefore denied.[2]

---

[2] Plaintiff also refers to an "R.S.P. nurse who informed him of his Hep B diagnos[is] while at R.S.P. and having taking blood work for Hep ABC and all STD in which Hep B test

6

C.  Motions to Supplement

Plaintiff's remaining allegations describe events that occurred after he filed his original Complaint. To the extent Plaintiff seeks to add these allegations to his Recast Complaint, his motion would be one for supplementation under Federal Rule of Civil Procedure 15(d), and he requires leave of the Court to supplement. Plaintiff first contends that since the filing of his initial Complaint, he and his family members have repeatedly informed Defendant Oliver—the Commissioner of the Georgia Department of Corrections—about prison officials' failure to provide Plaintiff with adequate medical care. Mot. Am. 2, ECF No. 52. Plaintiff contends Defendant Oliver has taken no action despite this notice. *Id.*

Plaintiff will not be permitted to supplement his Recast Complaint to add these new claims against Defendant Oliver because granting leave to supplement would be futile. Plaintiff clearly states he intends to sue Defendant Oliver in his official capacity only. Mot. Am. 9, ECF No. 52. "Official-capacity suits . . . generally represent only another way of pleading an action against an entity of which an officer is an agent." *Kentucky v. Graham*, 473 U.S. 159, 165 (1985) (internal quotation marks omitted). "Suits against state officials in their official capacity therefore should be treated as suits against the State." *Hafer v. Melo*, 502 U.S. 21, 25 (1991). "Because the real party in interest in an official-capacity

---

came back positive but she failed to treat." Mot. Am. 1, ECF No. 55. It appears these allegations may refer to Defendant Tolbert. If they do not, Plaintiff does not identify this individual, name her as a Defendant, or explain how her alleged failure to treat him violated his constitutional rights.

7

suit is the governmental entity and not the named official, the entity's policy or custom must have played a part in the violation of federal law." *Id.* (internal quotation marks omitted). In this case, Plaintiff has not identified any custom or policy that led to the violation of his constitutional rights. He has therefore failed to state a claim against Defendant Oliver in his official capacity. *See, e.g., Butler v. Prison Health Svcs., Inc.*, 294 F. App'x 497, 500 (11th Cir. 2008) (per curiam) (holding that state prisoner "failed to state a claim against the defendants in their official capacities as he failed to allege his delay in treatment was part of a governmental policy or custom"); *Twilley v. Riley*, 285 F. App'x 717, 719 (11th Cir. 2008) (per curiam) (affirming dismissal of plaintiff's § 1983 official capacity claims where plaintiff "failed to allege that any of the claimed constitutional violations were the result of a policy or custom of the state of Alabama"). Plaintiff's motion to supplement to add such claims is therefore denied.[3]

---

[3] The fact that Plaintiff could raise his claims against Defendant Oliver in another action also weighs in favor of denying supplementation here. *See, e.g., Schwarz*, 544 F.3d at 1229 (district court did not abuse its discretion in denying plaintiff's motion to amend in part because plaintiff "could raise the new claims in another lawsuit"). The Court notes, however, that the Eleventh Amendment bars any claims for damages against Defendant Oliver in his official capacity. *Jackson v. Ga. Dep't of Transp.*, 16 F.3d 1573, 1575 (11th Cir. 1994) ("Under the Eleventh Amendment, state officials sued for damages in their official capacity are immune from suit in federal court."). Thus, if Plaintiff intends to re-file his official capacity claims against Defendant Oliver in another action, he would only be entitled to prospective injunctive relief pursuant to *Ex Parte Young*, 209 U.S. 123 (1908), if he prevails. That exception allows "official capacity suits for prospective relief to enjoin state officials from enforcing unconstitutional acts" because such suits "are not deemed to be suits against the state and thus are not barred by the Eleventh Amendment." *Scott v. Taylor*, 405 F.3d 1251, 1255 (11th Cir. 2005). Plaintiff may also wish to keep in mind that a claim that Defendant Oliver is personally liable for his own actions as the supervisor of Georgia Department of Corrections officials is an individual capacity claim, not an official capacity claim. *See, e.g., Clay v. Conlee*, 815 F.2d 1164, 1170 (8th Cir. 1987) ("[W]hen supervisory liability is imposed, it is imposed against the supervisory

Plaintiff's remaining claims center on events that occurred after he was transferred from Macon State Prison to Telfair State Prison in Helena, Georgia, where he has been housed since approximately May 9, 2024. Mot. Am. 3, ECF No. 52. When Plaintiff arrived at Telfair, he notified medical staff about his medical condition and symptoms, but nurses told him he needed "to put in a sick call if [he] started experiencing more issues." Mot. Am. 3, ECF No. 52. After his medical evaluation, Plaintiff noticed several officers tampering with his property, including his documents and carbon paper. *Id.* at 4. Plaintiff asked the officers to stop and stated that he "[k]new [his] rights." *Id.* Defendant Wilcox, a deputy warden, then ordered other staff to "show [Plaintiff] his rights." *Id.* Defendant Wilcox directed a CERT officer to spray Plaintiff in the face with pepper spray at least twice and to taze Plaintiff. *Id.* Plaintiff reported this incident to Defendant McFarlane, the warden at Telfair. *Id.* Plaintiff further contends he was denied food and placed in a maximum-security cell without a classification hearing; he also contends Defendants Mayers and Matthews, nurses at Telfair, have not provided him with adequate medical care at that facility. *Id.* at 5-7.

Plaintiff's requests to supplement his Recast Complaint with these claims are denied for multiple reasons. First, his claims arising from his treatment at Telfair are not sufficiently related to his currently pending claims to meet the requirements of the Federal Rules of Civil Procedure. The Federal Rules of Civil Procedure permit a plaintiff to join only related claims and defendants in a single complaint. To join defendants under Federal

---

official in his individual capacity for his own culpable action or inaction in the training, supervision, or control of his subordinates.").

9

Rule of Civil Procedure 20(a)(2), the plaintiff must establish that he is asserting a right to relief against them "jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences," and that "any question of law or fact common to all defendants will arise in the action." The Eleventh Circuit applies the "logical relationship" test to determine whether claims arise from the same transaction or occurrence for joinder purposes. *See, e.g., Smith v. Trans-Siberian Orchestra*, 728 F. Supp. 2d 1315, 1319 (M.D. Fla. 2010) (citing *Republic Health Corp. v. Lifemark Hosp. Corp. of Fla.*, 755 F.2d 1453, 1455 (11th Cir. 1985)).[4] "Under this test, there is a logical relationship when the same operative facts serve as the basis of both claims or the aggregate core of facts upon which the claim rests activates additional legal rights, otherwise dormant, in the defendant." *Republic Health Corp.*, 755 F.2d at 1455 (internal quotation marks omitted). Plaintiff's claims against the officers at Telfair are not based upon the same operative facts as the claims that are currently proceeding in this action; the claims are proceeding against entirely different Defendants, and they occurred at different times and in a different facility. Joinder of these claims is therefore not appropriate. *See Smith v. Owens*, 625 F. App'x 924, 928 (11th Cir. 2015) (per curiam) (affirming dismissal for improper joinder where "Plaintiff's complaint alleged a variety of unrelated claims against different corrections officers, arising out of different events and occurring on different dates").

---

[4] The standard for whether claims arise from the same transaction or occurrence for Rule 20 purposes is the same as that used for compulsory counterclaims under Federal Rule of Civil Procedure 13. *See Smith*, 728 F. Supp. 2d at 1319.

In addition, allowing Plaintiff to supplement his Recast Complaint would permit him to circumvent the Court's previous orders and instructions as well as the three-strikes rule of 28 U.S.C. § 1915(g). Plaintiff was ordered to file a Recast Complaint that consisted of only ten total pages. Order 6, Aug. 23, 2023, ECF No. 9.[5] Since filing his Recast Complaint, however, Plaintiff has filed dozens of additional pages of documents that seek to expand his claims, including exhibits supporting a motion for reconsideration (ECF No. 35), a motion for an order to be examined by an outside doctor (ECF No. 36), the pending motions to amend (ECF Nos. 52, 53), and an additional declaration in support of his claims (ECF No. 59). Plaintiff, a three-striker, should not be allowed to make an end-run around this Court's orders attempting to limit the scope of this action and the statutes governing prisoners who have previously abused the privilege of proceeding *in forma pauperis*. *See, George*, 507 F.3d at 607 (observing that the Court's discretion to join parties and claims is also informed by the PLRA and its goals of preventing unwieldy litigation, ensuring the payment of filing fees, and limiting prisoners' ability to bring frivolous cases); *Scott v. Kelly*, 107 F. Supp. 2d 706, 712 (E.D. Va. 2000) (holding that "permitting [three-strikes prisoner] to include new, unconnected claims which have arisen since his initial filing defeats the purposes of filing fees and the 'three strikes' provision 28 U.S.C. § 1915(g)").

It also appears likely that Plaintiff has not exhausted his administrative remedies with respect to the claims arising from Telfair State Prison. Plaintiff's first motion to

---

[5] Plaintiff's Recast Complaint exceeded this limit, but the Court has given him the benefit of the doubt and finds that Plaintiff likely intended to comply with the Court's page limitations by limiting his statement of claims to exactly ten pages. Recast Compl. 7-16, ECF No. 12.

amend is dated the day after he was transferred to Telfair.  Mot. Am. 10, ECF No. 52.  Plaintiff's second motion to amend is dated either May 30 or May 31, 2024, and it describes events that occurred between at Telfair May 13th and May 30th.  Mot. Am. 7, ECF No. 55.  Thus, Plaintiff does not appear to have been housed at Telfair long enough to have fully exhausted his remedies prior to requesting to add claims related to events that occurred at that facility.

Finally, it does not appear that venue would be proper as to Plaintiff's claims arising from his treatment at Telfair State Prison.  Telfair State Prison is in the Southern District of Georgia.  28 U.S.C. § 90(c)(2).  Claims for conduct that occurred solely within Telfair State Prison and that was perpetrated by individuals there would thus be subject to dismissal for improper venue.  *See* 28 U.S.C. § 1391(b)(1), (2) (venue is generally proper in "a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located" or "a judicial district in which a substantial part of the actions or omissions giving rise to the claim occurred"); 28 U.S.C. § 1406(a) (a district court is authorized to "dismiss, or if it be in the interest of justice, transfer such case to any district . . . in which it could have been brought").  The fact that Plaintiff could file a new case raising his claims in an appropriate venue also weighs in favor of denying Plaintiff's motions to supplement in this case.  *See, e.g., Schwarz*, 544 F.3d at 1229.  For all these reasons, Plaintiff's motions to supplement are denied to the extent they seek to add claims arising from his confinement at Telfair State Prison.

## CONCLUSION

For the foregoing reasons, Plaintiff's first motion to amend or supplement (ECF No. 52) is **DENIED in its entirety.** Plaintiff's second motion to amend or supplement (ECF No. 55) is **GRANTED, in part**, to the extent Plaintiff has now identified Ollie Warren as the nurse who provided other inmates with Plaintiff's private health information as retaliation for Plaintiff's complaints about his medical care. The remainder of this motion is also **DENIED.**

## ORDER FOR SERVICE

Having now found that Plaintiff has made colorable constitutional violation claims against Defendant Warren, it is accordingly **ORDERED** that service be made on that Defendant and that they file an Answer, or such other response as may be appropriate under Rule 12, 28 U.S.C. § 1915, and the Prison Litigation Reform Act. All Defendants are reminded of the duty to avoid unnecessary service expenses, and of the possible imposition of expenses for failure to waive service pursuant to Rule 4(d).

## DUTY TO ADVISE OF ADDRESS CHANGE

During the pendency of this action, all parties shall keep the Clerk of this Court and all opposing attorneys and/or parties advised of their current address. Failure to promptly advise the Clerk of a change of address may result in the dismissal of a party's pleadings.

## DUTY TO PROSECUTE ACTION

Plaintiff is also advised that he must diligently prosecute his Complaint or face the possibility that it will be dismissed under Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute. All Defendants are similarly advised that they are

expected to diligently defend all allegations made against them and to file timely dispositive motions as hereinafter directed. This matter will be set down for trial when the Court determines that discovery has been completed and that all motions have been disposed of or the time for filing dispositive motions has passed.

## FILING AND SERVICE OF MOTIONS, PLEADINGS, AND CORRESPONDENCE

It is the responsibility of each party to file original motions, pleadings, and correspondence with the Clerk of Court. A party need not serve the opposing party by mail if the opposing party is represented by counsel. In such cases, any motions, pleadings, or correspondence shall be served electronically at the time of filing with the Court. If any party is not represented by counsel, however, it is the responsibility of each opposing party to serve copies of all motions, pleadings, and correspondence upon the unrepresented party and to attach to said original motions, pleadings, and correspondence filed with the Clerk of Court a certificate of service indicating who has been served and where (i.e., at what address), when service was made, and how service was accomplished.

## DISCOVERY

Plaintiff shall not commence discovery until an answer or dispositive motion has been filed on behalf of the Defendant from whom discovery is sought by the Plaintiff. The Defendant shall not commence discovery until such time as an answer or dispositive motion has been filed. Once an answer or dispositive motion has been filed, the parties are authorized to seek discovery from one another as provided in the Federal Rules of Civil Procedure. The deposition of the Plaintiff, a state/county prisoner, may be taken at any

time during the time period hereinafter set out provided prior arrangements are made with his custodian. **Plaintiff is hereby advised that failure to submit to a deposition may result in the dismissal of his lawsuit under Rule 37 of the Federal Rules of Civil Procedure.**

IT IS HEREBY ORDERED that discovery (including depositions and the service of written discovery requests) shall be completed within 90 days of the date of filing of an answer or dispositive motion by the Defendant (whichever comes first) unless an extension is otherwise granted by the court upon a showing of good cause therefor or a protective order is sought by the defendant and granted by the court. This 90-day period shall run separately as to Plaintiff and Defendant beginning on the date of filing of Defendant's answer or dispositive motion (whichever comes first). The scheduling of a trial may be advanced upon notification from the parties that no further discovery is contemplated or that discovery has been completed prior to the deadline.

Discovery materials shall not be filed with the Clerk of Court. No party shall be required to respond to any discovery not directed to him/her or served upon him/her by the opposing counsel/party. The undersigned incorporates herein those parts of the **Local Rules** imposing the following limitations on discovery: except with written permission of the court first obtained, **interrogatories** may not exceed TWENTY-FIVE (25) to each party, **requests for production of documents and things** under Rule 34 of the Federal Rules of Civil Procedure may not exceed TEN (10) requests to each party, and **requests for admissions** under Rule 36 of the Federal Rules of Civil Procedure may not exceed

FIFTEEN (15) requests to each party. No party shall be required to respond to any such requests which exceed these limitations.

### REQUESTS FOR DISMISSAL AND/OR JUDGMENT

The Court shall not consider requests for dismissal of or judgment in this action, absent the filing of a motion therefor accompanied by a brief/memorandum of law citing supporting authorities. Dispositive motions should be filed at the earliest time possible, but in any event no later than one hundred - twenty (120) days from when the discovery period begins unless otherwise directed by the Court.

**SO ORDERED**, this 23rd day of July, 2024.

                                      s/ Charles H. Weigle
                                      Charles H. Weigle
                                      United States Magistrate Judge