IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| CHRISTOPHER L AMERSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 5:23-cv-268 (MTT) |
| | ) |
| Warden T. SMITH, *et al.*, | ) |
| | ) |
| Defendants. | ) |

### ORDER

Pro Se Plaintiff Christopher Amerson filed this 42 U.S.C. § 1983 action against the defendants.  United States Magistrate Judge Charles H. Weigle recommends that the defendants' motions to dismiss (Docs. 62, 64) be granted and Amerson's claims against all defendants, except Bradford, be dismissed for failure to exhaust under the Prison Litigation Reform Act ("PLRA").  Doc. 87.  The Magistrate Judge also recommends the action against defendant Bradford be stayed.[1]  *Id.* at 14.  Amerson objected.  Doc. 90.  Pursuant to 28 U.S.C. § 636(b)(1), the Court reviewed de novo the portions of the Recommendation to which Amerson objects.  After review, the Court accepts and adopts the findings, conclusions, and recommendations of the Magistrate Judge.

---

[1] As the Magistrate Judge stated, while Bradford would be entitled to dismissal, Amerson's claim against Bradford must be stayed pursuant to an automatic stay entered by the United States Bankruptcy Court for the Southern District of Texas.  Docs. 87, 86-2.  Accordingly, Amerson's claim against Bradford is **STAYED** until further notice or action by the bankruptcy court.

First, Amerson objects to defendant Mitchell's motion to dismiss (Doc. 64). Doc. 90 at 1-4. Amerson claims that he did not have notice of Mitchell's motion to dismiss and, thus, did not have adequate opportunity to respond.[2] *Id.* at 2. However, Amerson responded to Mitchell's motion to dismiss ten days after the motion was filed. Doc. 68 at 1. Amerson's timely response demonstrates that he had notice and opportunity to respond and, thus, did not face prejudice by Mitchell's motion to dismiss.

Second, Amerson argues that his claims should proceed because any failure to exhaust his administrative remedies was due to the prison officials' failure to respond to his grievances.[3] Doc. 90 at 6. However, a prison official's failure to timely respond to a grievance does not make an appeal unavailable and is, therefore, not a valid excuse for failure to exhaust. *Garcia v. Obasi*, 2022 WL 669611 (11th Cir. 2022); *see also Miller v. Tanner*, 196 F.3d 1190, 1193 (11th Cir. 1999) ("In deciding if [the plaintiff exhausted his administrative remedies, we do not review the effectiveness of those remedies, but rather whether remedies were available and exhausted.").

Third, Amerson objects to the Magistrate Judge's conclusion that his failure to exhaust is not excused because his emergency grievances were not processed correctly. Doc. 90 at 6. Amerson believes two of his grievances were improperly treated as regular grievances when he classified them as emergencies. *Id.* But as the Magistrate Judge stated, it is the officer on duty, not the inmate, who determines

---

[2] There are two motions to dismiss before the Court. First, on June 26, 2024, defendants Ingram, Jeffries, Lewis, and Smith moved to dismiss. Doc. 62. Then, on August 12, 2024, Mitchell moved to dismiss. Doc. 64. Amerson responded to both motions. Docs. 66; 68.

[3] Amerson also states that this issue should be decided by a jury. But the Eleventh Circuit held that a jury need not determine factual issues related to exhaustion. *See Bryant v. Rich*, 530 F.3d 1368, 1376 (11th Cir. 2008).

whether a grievance is an emergency. Doc. 62-1 at 13, 22. And if Amerson believed his grievances were mishandled, he should have, according to GDC policy, filed another grievance. *Id.* at 16. Thus, Amerson's claim that his grievances were processed wrong does not cure his failure to exhaust.

Fourth, Amerson claims that he *did* fully exhaust one of his grievances—grievance 353786. Doc. 90 at 7. He claims that he filed the grievance on June 13, 2023 and appealed it on June 26. *Id.* However, there is no record of his appeal. And Amerson's statement that he exhausted the alleged grievance, without more, is not enough to show that he fully exhausted his administrative remedies. And even if Amerson fully exhausted grievance 353786, that grievance does not satisfy the PLRA exhaustion requirements because it is unrelated to his claims. Doc. 62-1 at 33.

Finally, to the extent that Amerson argues that grievances and appeals initiated after he filed this action can cure his failure to exhaust, his argument fails. The PLRA requires that an inmate's administrative remedies be fully exhausted when he brings a lawsuit. 42 U.S.C. § 1997e(a). The Eleventh Circuit has held that an action is "brought" under the PLRA when the plaintiff files his original complaint. *Harris v. Garner,* 2016 F.3d 970, 974 (11th Cir. 2000). Grievances filed after the original complaint cannot, therefore, cure an inmate's failure to exhaust. *Id.* at 981. For that reason, the Court cannot now "allow a tolling period for [Amerson] to exhaust" his administrative remedies, as Amerson suggests. Doc. 90 at 5.

The Recommendation (Doc. 87) is, therefore, **ADOPTED** and made the Order of the Court. Accordingly, the defendants' motions to dismiss (Docs. 62, 64) are **GRANTED** and Amerson's claims against all defendants, except defendant Bradford,

are **DISMISSED**.[4]  The action against Bradford is **STAYED** until further action from the bankruptcy court.

**SO ORDERED**, this 18th day of February, 2025.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT

---

[4] Although defendants Williams, Bolgan, Harrison, Kimbro, and Warren did not move to dismiss, Amerson's claims against them are also dismissed.  Amerson's complaint and the record reveal that Amerson failed to exhaust his administrative remedies for his claims against *all* of the defendants, and the Court may dismiss a claim *sua sponte* where failure to exhaust is apparent from the record.  *See, e.g., Strattan v. Langford*, 2008 WL 150457 at *2 (M.D. Fla. Jan. 14, 2008) ("When an affirmative defense is obvious from the face of a complaint or a court's records, it is not necessary to await the defendant's responsive pleading to raise the defense.")(citing *Clark v. Georgia Pardons & Parole Bd.*, 915 F.2d. 636 (11th Cir. 1990)).