IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| CHRISTOPHER L AMERSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 5:23-CV-268 (MTT) |
| ) | |
| Warden T SMITH, ) | |
| ) | |
| ) | |
| Defendant. ) | |

## ORDER

Plaintiff Christopher L. Amerson moves the Court for reconsideration of its Order (Doc. 97) adopting the Magistrate Judge's recommendation to dismiss Amerson's claims against all of the defendants, except for Bradford, for failure to exhaust his administrative remedies. Doc. 98.

Pursuant to Local Rule 7.6, "Motions for Reconsideration shall not be filed as a matter of routine practice." M.D. Ga. L.R. 7.6. Indeed, "reconsideration of a previous order is an extraordinary remedy to be employed sparingly." *Bingham v. Nelson*, 2010 WL 339806 at *1 (M.D. Ga. Jan. 21, 2010) (internal quotation marks and citation omitted). It "is appropriate only if the movant demonstrates (1) that there has been an intervening change in the law, (2) that new evidence has been discovered which was not previously available to the parties in the exercise of due diligence, or (3) that the court made a clear error of law." *Id*. "In order to demonstrate clear error, the party moving for reconsideration must do more than simply restate his prior arguments, and

any arguments which the party inadvertently failed to raise earlier are deemed waived." *McCoy v. Macon Water Authority*, 966 F. Supp. 1209, 1222-23 (M.D. Ga. 1997).

In support of his motion for reconsideration, Amerson repeats two arguments made in his objection to the Report and Recommendation. Doc. 98 at 1. First, Amerson argues that his failure to appeal his June 16, 2023 grievance should be excused because the warden failed to respond to his original grievance. *Id.* at 1-2. However, as the Court stated in its Order dismissing Amerson's claims, a prison official's failure to timely respond to a grievance does not make an appeal unavailable and is, therefore, not a valid excuse for failure to exhaust. *See Garcia v. Obasi*, 2022 WL 669611 at *4 (11th Cir. 2022) ("The warden's failure to provide a timely response to [the plaintiff's] grievance did not make a central office appeal unavailable"); *Miller v. Tanner*, 196 F.3d 1190, 1193 (11th Cir. 1999) ("In deciding if [the plaintiff] exhausted his administrative remedies, we do not review the effectiveness of those remedies, but rather whether remedies were available and exhausted."). According to the Department of Corrections' Standard Operating Procedure ("SOP"), a grievance has two steps: (1) an original grievance, and (2) a central office appeal. Doc. 62-1 at 14. If 40 days pass without response to an original grievance, the inmate is permitted to appeal to the central office. *Id.* at 17, 20. Amerson failed to appeal after receiving no response to his June 2023 grievance and, thus, failed to exhaust his administrative remedies. Doc. 98 at 1.

Second, Amerson argues that his June 2023 grievance should have been accepted as an emergency grievance and, therefore, should have been responded to within seven days. Doc. 98 at 3. However, when an inmate believes that an emergency grievance was wrongfully rejected, the remedy according to the SOP is to

file another grievance. *Id.* Nothing in the record demonstrates that Amerson attempted to file another emergency grievance or file an appeal. Accordingly, it was not clear error for the Court to conclude that he failed to exhaust his administrative remedies.[1]

Because Amerson has failed to show that the Court made a clear error in its previous Order (Doc. 97), his motion for reconsideration (Doc. 98) is **DENIED**.

**SO ORDERED**, this 8th day of April, 2025.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT

---

[1] Amerson also claims that the defendants "failed to produce records of the [emergency grievance] to undermin[e] his claims against" them. Doc. 98 at 3. However, Amerson admits that he did not re-file the grievance or file an appeal. Thus, a record of the June 2023 grievance would not cure Amerson's failure to exhaust.